**UNITED STATES of America,**
**Appellee,**

v.

**Craig SMITH, Appellant–Defendant.**

**No. 01–1281.**

United States Court of Appeals,
Second Circuit.

Jan. 25, 2002.

Yuanchung Lee, The Legal Aid Society, New York, NY, for Appellant.

Christopher P. Conniff, Assistant United States Attorney for the Southern District of New York; Baruch Weiss, Assistant United States Attorney, of counsel, New York, NY, for Appellee.

Present SACK, B.D. PARKER and B. FLETCHER,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, affirmed.

On April 30, 1999, the defendant pled guilty to four counts of criminal conduct while within the special maritime and territorial jurisdiction of the United States: one count of operating a motor vehicle while impaired in violation of 18 U.S.C. § 13; two counts of driving with a suspended license in violation of 18 U.S.C. § 13; and one count of assault in violation of 18 U.S.C. § 113(a)(4). For these offenses, the district court sentenced the defendant to two years' probation. The district court also imposed as a special condition of probation that the defendant participate in a substance abuse program. At this time, the district judge told the defendant that she would sentence the defendant to jail "for absolutely the most time that I possibly can" if the defendant were to violate the terms of his probation.

On May 11, 2001, the defendant admitted to violating his probation by driving without a license and using illegal drugs. Upon this admission, the district court revoked the defendant's probation and sentenced him to 24 months in prison.

We uphold a sentence imposed by a district court upon revoking a defendant's probation if: "(1) the district court considered the applicable policy statements; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable." *United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir.1997). The defendant does not allege that his sentence was above the statutory maximum, but he does challenge his sentence under the other two *Pelensky* prongs.

The arguments raised by the defendant in this case were rejected by this Court in *Pelensky* on a very similar set of facts. *See id.* at 69–70. The defendant attempts to distinguish *Pelensky* by pointing out that, in that case, the district court made its promise during a supervised release

---

* Of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

revocation hearing, while in his case the promise was made during a sentencing hearing. This distinction is irrelevant. In both cases, the district court imposed a sentence for wrongful conduct based on a promise made before that conduct occurred. In *Pelensky*, we held that such a chronology does not demonstrate that the district court failed to consider the applicable policy statements or that its sentence was unreasonable. Because the defendant has failed to meaningfully distinguish his case from *Pelensky*, his arguments are foreclosed by that decision.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.